### Smith v. Board of Education of the City of Catlettsburg.

(Decided January 21, 1927.)

### Appeal from Boyd Circuit Court.

1. Arbitration and Award—Where Only Question Submitted to Arbitrators was Fixing of Damages, Alternative Award, Requiring Restoration of Property at Plaintiff's Election, Held Unauthorized. —Where only question submitted to arbitrators was fixing of damages to plaintiff's house, caused by defendant's excavations, arbitrators had no authority to make alternative award that defendant should either pay damages or restore property, at plaintiff's election, since they were confined strictly to terms of instrument submitting controversy.

2. Arbitration and Award—Arbitrators' Award as to Matters Submitted will be Enforced.—Where arbitrators make award as to matters submitted to them, it will be enforced.

3. Arbitration and Award—Award of Arbitrators, Determining Matters Not Submitted, will be Considered Void as to Such Matters. —Where award of arbitrators determined matters not submitted, it

will be enforced as to questions submitted, but will be treated as void as to other matters.

JAMES A. WILLIAMS and JOHN W. WOODS for appellant.

MARTIN & SMITH for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

This is an action against appellant by appellee for $1,500.00 in damages because of defendant's failure, as alleged, to comply with the terms of an award made by arbitrators.

The petition alleges that the plaintiff in 1912 bought a house and lot in a suburb of Catlettsburg, now known as South Catlettsburg; that such house and lot so owned by her is situated on the brow of a hill facing the Big Sandy river on a road, and is a four-room frame house on a brick foundation; that defendant bought a large boundary of land just across said road and between the plaintiff's property and a named street, upon which they built a large and commodious school building, and that in order to get a proper site for the school building defendant caused the hillside to be dug out and leveled in front of plaintiff's property; that the hillside began slipping soon after the excavations and the same have caused plaintiff's yard to slip and break open and sink, and to cause her house to crack open, and has almost severed the two front rooms from the two back rooms, and has caused the foundation to sink and crack open.

She alleges that in August, 1923, she and defendant entered into the following agreement of settlement or arbitration:

"We, the undersigned, hereby agree to accept and abide by the decision of a committee whose names appear below, fixing the amount of damages, if any, resulting from slipping of the lot owned by Mrs. Music (she and plaintiff being one and the same person) in as far as said slipping may have been caused by excavations made or caused to have been made by the board of education of Catlettsburg."

She then alleges this agreement was signed by each of the parties and that she designated one arbitrator and defendant one, and that they made an award and found

that the school board should pay the plaintiff $175.00 in cash, or else restore and repair plaintiff's property in as good condition as it was before being injured by them; and that under the award thus made, in the alternative, she was to have the election to accept either the money or to have her property restored, and that she had elected to have the latter and so notified defendant, but that defendant had failed and neglected to restore her property, which she charges would fairly and reasonably cost $1,500.00, for which sum she prays judgment.

The defendant answered, putting in issue some of the allegations of the petition, and in a separate paragraph pleaded that it did enter into and execute the arbitration agreement set forth in the petition, but that by the terms of such agreement nothing was submitted to the arbitrators except to fix the amount of the damages, which it did; and that defendant executed and delivered to the plaintiff its check for the sum of $175.00 in settlement of the award, which check she declined to receive.

A reply was filed to certain parts of the answer, and when the case was called for trial the defendant offered in open court to confess judgment for $175.00, and the plaintiff having declined to accept said offer the defendant moved the court to dismiss the plaintiff's petition, which motion was sustained, and from the order of dismissal this appeal is prosecuted.

Arbitrators in making an award are confined to the terms of the instrument submitting the controversy. They must be guided strictly by the terms of the submission, and are not authorized to settle anything not specifically submitted to them, or direct a settlement of the controversy in a manner not embraced in the article of submission.

Here there was submitted to the arbitrators only the question of fixing the amount of the damages, if any, caused by the excavations made by the defendant; but the arbitrators undertook, in addition to doing the thing they were authorized to do, to make an additional award, in the alternative, whereby defendant at the election of the plaintiff should either pay the $175.00 or else restore plaintiff's property to the same condition it had been in before the injury.

It has long been the rule in this state that when arbitrators make an award as to matters submitted to them it will be enforced; but if the award also determines mat-

ters not submitted to them, the award as to questions submitted will be enforced and the award as to matters about which no question was submitted will be treated as void and of no effect. Allen-Bradley Co. v. Anderson & Nelson Distilleries Co., 99 Ky. 311; Adams v. Ringo, 79 Ky. 211; Eddy's Exor v. Northup, 15 R. 434.

The facts here come within the rule stated; and as the pleadings admitted all these facts the action of the court was proper.

Judgment affirmed.